Philip J. DE FAZIO and Calvert Fire
Insurance Company, a Corporation, Appellants,

v.

The HERTZ CORPORATION, Appellee.

No. 2886.

Municipal Court of Appeals for the
District of Columbia.

Argued Jan. 22, 1962.

Decided Feb. 13, 1962.

Hyman L. Rosenberg, Washington, D. C.,
with whom Sol Friedman and Leonard L.
Lipshultz, Washington, D. C., were on the
brief, for appellants.

Frederick H. Livingstone, Washington,
D. C., for appellee. Paul J. Sedgwick,
Washington, D. C., also entered an appearance for appellee.

Before QUINN, Associate Judge, CAYTON (Chief Judge, Retired) sitting by
designation under Code § 11–776(b) and
MYERS, Associate Judge of The Municipal Court for the District of Columbia, sitting by designation.

PER CURIAM.

Two motorists were approaching an intersection from opposite directions, and the
traffic light was green for both. Plaintiff
intended to drive straight through the intersection and· defendant's driver started to
turn left, that being the only direction he
could take because of the signs there posted.
The two automobiles came together, the
front of plaintiff's vehicle striking the
right side of defendant's vehicle. The trial
court found defendant's driver negligent
and that plaintiff was contributorily negligent, and denied plaintiff's claim and defendant's counterclaim. Plaintiff has appealed, challenging the finding of contributory negligence.

From plaintiff's testimony in open
court and defendant's interrogatories, the
trial judge was to form a judgment as to
the speed and relative distances of the two
vehicles from the intersection, their positions just before and at the time of collision,
and related factors bearing on primary and
contributory negligence. The record would
not justify us in holding that his decision
was wrong as a matter of law.

Under applicable traffic regulations
plaintiff had the right of way over defendant attempting to make a left turn; but
such right of way was relative, not absolute.

Affirmed.